

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HOLLY R. GERSTENFELD
Assistant Corporation Counsel
Tax and Bankruptcy Litigation Division
Phone: 212-356-2140
Fax:   212-356-4069

June 12, 2014

By ECF
Hon. Vera M. Scanlon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Ramooe, Inc. v. City of New York et al.</u>;
          13 CV 01045

Your Honor:

      I am the Assistant Corporation Counsel assigned to represent defendants City of New York and the New York City Department of Housing and Preservation Development (hereinafter "City Defendants") in this action.  The parties entered into a Stipulation of Settlement and Order of Dismissal, dated December 17, 2013, which was "so ordered" by the Honorable Sandra L. Townes on December 30, 2013.  A copy of said stipulation is annexed hereto.  Paragraph No. 5 of the stipulation indicates a term of the settlement is that Plaintiff, Ramooe, Inc., "agrees to execute and deliver to the City a quitclaim deed, in recordable form, granting the City any rights that plaintiff may have with respect to Brooklyn Tax Block 2269, Lot 45."

      In accordance with the terms of the stipulation, on January 8, 2014, I forwarded to Plaintiff's counsel a quitclaim deed for signature.  On January 14, 2014, counsel informed me that he had forwarded it to Plaintiff for signature.  On February 13, 2014 I received the deed from counsel, but it was missing certain information such as the date, and name and title of signatory.  I asked that the deed be returned to me fully completed.  To date I have not received the completed deed, and have made inquiries every few weeks asking for it.  On June 9, 2014, in response to my latest status inquiry, I was informed by counsel in an email: "We regret the delay that has occurred in finalizing this matter, but it has unfortunately become necessary for us to withdraw as counsel, and we will be making such application shortly."

"'A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear and unambiguous." Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 444 (2d Cir. 2005) (internal quotation marks and citation omitted); *see also Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.") (citations omitted)." Sheet Metal Workers' Nat'l Pension Fund v. Jersey Sheet Metal Works Inc., et al., 2009 U.S. Dist. LEXIS 3784, at *3-*4 (E.D.N.Y. 2009)(following plaintiff's motion seeking enforcement of a settlement stipulation it entered into with defendants, who were in default, the court enforced the settlement agreement because its terms were unambiguous), Motion granted by, Judgment entered by Sheet Metal Workers' Nat'l Pension Fund v. Jersey Sheet Metal Works Inc., 2009 U.S. Dist. LEXIS 117482 (E.D.N.Y. Dec. 17, 2009). Further, "[a]n order requiring a party to specifically perform in accordance with the terms of a valid contract is a proper remedy. [citations omitted] Specific performance is particularly appropriate where, as here, the defendants have acted in good faith throughout the settlement negotiations and thereafter." Kulesa v. Middaugh, 1999 U.S. Dist. LEXIS 19585, at *13 (N.D.N.Y. 1999)(the court enforced the settlement stipulation and ordered specific performance, because it found plaintiff to be competent at the time he signed the stipulation).

The Plaintiff, as well as counsel, signed the Stipulation of Settlement and Order of Dismissal after conducting good faith negotiations with Defendants. The terms of the agreement are unambiguous, and they include the delivery to Defendants of a quitclaim deed in recordable form. Further, Paragraph No. 9 of the stipulation reads: "Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth herein." Accordingly, the Defendants now request that this Court enforce the "so ordered" stipulation and order Plaintiffs to adhere to the settlement terms. In the alternative, Defendants request permission to file a motion seeking an order from this Court requiring Plaintiff to adhere to the terms of the "so ordered" stipulation, a contract, and provide the fully executed quitclaim deed to the City.

Please consider this request. Thank you.

Respectfully submitted,

Holly R. Gerstenfeld (HG 3004)
Assistant Corporation Counsel

cc: Abner T. Zelman. Kucker & Bruh, LLP, 747 Third Avenue, NY, NY 10017

Case 1:13-cv-01045-NGG-VMS   Document 19   Filed 06/12/14   Page 3 of 6 PageID #: 147
Case 1:13-cv-01045-SLT-VMS   Document 18   Filed 01/07/14   Page 1 of 4 PageID #: 141
Case 1:13-cv-01045-SLT-VMS   Document 17   Filed 12/19/13   Page 1 of 4 PageID #: 137

Dec. 10. 2013  4:41PM                                            No. 1301   P. 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RAMOOE, INC.,                                  STIPULATION OF
                                               SETTLEMENT AND
                               Plaintiff,      ORDER OF DISMISSAL

            -against-                          13 CV 01045
                                               (SLT)(VMS)
THE CITY OF NEW YORK, a Municipal Corporation of the
State of New York, and the NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT, an agency and governmental subdivision of
the City of New York,

                               Defendants.
----------------------------------------------------------------X

       WHEREAS, plaintiff commenced this action by filing a complaint on or about February 27, 2013, alleging that the defendants violated plaintiff's federal property, due process, and equal protection rights, and were in violation of New York State eminent domain laws and procedures; and,

       WHEREAS, defendants City of New York and the New York City Department of Housing and Preservation Development have denied any and all liability arising out of plaintiff's allegations; and,

       WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and,

       WHEREAS, plaintiff has authorized counsel to settle this matter on the terms set forth below;

       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

Case 1:13-cv-01045-NGG-VMS   Document 19   Filed 06/12/14   Page 4 of 6 PageID #: 148
Case 1:13-cv-01045-SLT-VMS   Document 18   Filed 01/07/14   Page 2 of 4 PageID #: 142
Case 1:13-cv-01045-SLT-VMS   Document 17   Filed 12/19/13   Page 2 of 4 PageID #: 138
Dec. 10. 2013  4:41PM                                                    No. 1301   P. 3

1. The above-referenced action is hereby dismissed against all defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendants hereby agree to pay plaintiff, Ramoos, Inc., the sum of Four Hundred Thousand Dollars ($400,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. This sum encompasses the settlement of any and all claims that plaintiff has or may have arising from the underlying New York State condemnation proceeding (Broadway Triangle Urban Renewal Area, Phase II, Kings Co. Index No. 022528/1999) and is inclusive of any advance payments, and interest thereon, offered within the context of said condemnation proceeding. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the City of New York, and to release the City of New York and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's rights and any and all related state law claims, from the beginning of the world to November 30, 2013, including claims for costs, expenses, and attorneys' fees.

3. Defendants agree to make the payment available within six (6) months from the date this stipulation is "so ordered" by the Court.

4. Plaintiff shall provide all information and shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement.

5. Plaintiff, on behalf of itself, its successors and assigns, hereby agrees that the City of New York acquired title to Brooklyn Tax Block 2269, Lot 45, as of August 13, 1999, and agrees to execute and deliver to the City a quitclaim deed, in recordable form, granting the City any rights that plaintiff may have with respect to Brooklyn Tax Block 2269, Lot 45. Defendants agree that said quitclaim deed will be held in escrow by their attorneys, the Office of the Corporation Counsel of the City of New York, and will not be recorded until payment is made available.

Case 1:13-cv-01045-NGG-VMS   Document 19   Filed 06/12/14   Page 5 of 6 PageID #: 149
Case 1:13-cv-01045-SLT-VMS   Document 18   Filed 01/07/14   Page 3 of 4 PageID #: 143
Case 1:13-cv-01045-SLT-VMS   Document 17   Filed 12/19/13   Page 3 of 4 PageID #: 139
Dec. 10. 2013  4:42PM                                                No. 1301   P. 4

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

[continued on next page]

Case 1:13-cv-01045-NGG-VMS   Document 19   Filed 06/12/14   Page 6 of 6 PageID #: 150
Case 1:13-cv-01045-SLT-VMS   Document 18   Filed 01/07/14   Page 4 of 4 PageID #: 144
Case 1:13-cv-01045-SLT-VMS   Document 17   Filed 12/19/13   Page 4 of 4 PageID #: 140
Dec. 10. 2013  4:42PM                                                No. 1301   P. 5

9. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth herein.

KUCKER & BRUH, LLP
*Attorneys for Plaintiff*
747 Third Avenue, 12th floor
New York, NY 10017

By: _____
Abner T. Zelman, Esq.
*Attorney for Plaintiff*

RAMOOB, INC.
*Plaintiff*

By: _____
Mr. Eugene Ostreicher
President

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Rm. 5-235
New York, New York 10007

By: _____
Holly R. Gerstenfeld
*Assistant Corporation Counsel*

Dated: New York, New York
December 17, 2013

SO ORDERED:

_____
Sandra L. Townes, U.S.D.J.
Dated: December 30, 2013
Brooklyn, New York