# GOLDBERG & RIMBERG PLLC
115 Broadway -3rd Floor
New York, New York 10006
Tel: 212-697-3250
Fax: 212-227-4533

June 24, 2014

<u>By ECF</u>
Hon. Vera M. Scanlon
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Ramooe, Inc. v. City of New York, et al.
                13-cv-01045

Dear Judge Scanlon:

      This firm was recently retained to represent plaintiff Ramooe, Inc. ("Ramooe"). This letter is in response to the City of New York's (the "City") letter to Your Honor dated June 12, 2014 [Doc. 19] seeking to compel Ramooe to execute certain documentation relating to the transfer of title to the City. The information contained in this letter is based upon information relayed to me by my client.

      This case was commenced by Ramooe due to the City's unlawful taking of real property from Ramooe under the guise of eminent domain without providing Ramooe notice of State Court proceedings regarding, *inter alia*, compensation. Ramooe commenced this action with the intent of reversing title of its property from the City back to Ramooe as the City did not follow the procedure set forth in New York's Eminent Domain Procedure Law to condemn Ramooe's property. As explained below, because Ramooe's execution of the subject settlement agreement in this action was due to unilateral mistake, the settlement agreement should be vacated and the City's request for relief should be denied.

      At the time that the City condemned Ramooe's property, the City was intent on developing the "Broadway Triangle Urban Renewal Area." The Broadway Triangle Urban Renewal Area was planned to bring housing for low income residents along the border of Williamsburg, Bushwick and Bedford-Stuyvesant (the "Project"). The Broadway Triangle Urban Renewal Area was highly criticized by local leaders, was the subject of heavy litigation and adverse rulings by the Supreme Court of the State of New York, New York County, and was ultimately subject to an injunction by Justice Emily Goodman. *See*, *e.g.*, *Broadway Triangle Community Coalition v. Bloomberg*, 35 Misc.3d 167, 941 N.Y.S.2d 831 (Sup. Ct. N.Y. Cty. 2011). Ramooe's property is in the area that the City intended to implement the City's urban renewal project.

It is believed that the City has abandoned the Project. At the time of executing the settlement agreement, Ramooe's principal, Eugene Ostreicher, was not advised that the City abandoned the project and was under the impression that the City was proceeding with the project. Had Mr. Ostreicher known that the City abandoned the project, Mr. Ostreicher never would have signed the settlement agreement.

Mr. Ostreicher was led to believe that his property was critical for the success of the Project. He was also led to believe that the City would never return Ramooe's property because it played an important part in the success of the Project. Throughout negotiations with the City, Mr. Ostreicher made clear that his goal was for the return of the property so that Ramooe could continue developing the Property as it was prior to the City's unlawful taking.[1] Mr. Ostreicher was told repeatedly that his property was necessary for the success of the Project. Mr. Ostreicher was given to understand that he could not maintain ownership of his property and his only option was to accept the City's offer of monetary remuneration for Ramooe's Property.

The fact that Ramooe did not know that the City abandoned its plan for the Broadway Triangle is significant. The only reason that Ramooe agreed to monetary compensation *at all* was because of Ramooe's mistaken belief that the Project was moving forward, that the City required Ramooe's property to realize the Project and that there was no possible way that the City could ever agree to return Ramooe's property to Ramooe. In truth, it is believed that the City had abandoned the Project, that the City will not be developing the Broadway Triangle as intended and that it was not necessary for the City to retain title to Ramooe's property. Indeed, it has been learned that the City abandoned its efforts to take title to other parcels in the Urban Renewal Project area.

It is well established that a Court may vacate a settlement agreement upon a showing of, *inter alia,* fraud or mistake, or if the agreement is unconscionable or contrary to public policy. *Katel Ltd. Liability Co. v. AT & T Corp.*, 607 F.3d 60, 66 (2d Cir. 2010). A unilateral mistake is where a party enters "into a contract under a mistake of material fact" and "the other contracting party either knew or should have known that such mistake was being made." *Ostman v. St. John's Episcopal Hosp.*, 918 F.Supp. 635 (E.D.N.Y. 1996). Here, Ramooe was unaware that the City had abandoned the Project. Further, the City knew that it had abandoned the Broadway Triangle project, knew that Ramooe did not know of the City's abandonment and knew that Ramooe believed it could never have its property returned to it under any circumstance or condition. Indeed, Ramooe was informed that the City was proceeding with the Project and that is the only reason it agreed to sign the settlement agreement transferring the property.

Ramooe's mistake is critical. Pursuant to section 406(a) of New York's Eminent Domain Procedure Law, the City is required to offer Ramooe a right of first refusal to the property upon abandonment. Prior to entering into the settlement agreement, the City did not disclose that it had abandoned the Project and never offered Ramooe a right of first refusal to

---

[1] Prior to the City's unlawful taking of the Property, Ramooe excavated the Property and poured a foundation to develop a building on the Property. Had the City not taken the Property and cancelled Ramooe's building permits, Ramooe would have completed the building.

the property.  Further, the City  knew that Ramooe wanted the property back and instead of offering the property to Ramooe, the City agreed to give Ramooe $400,000, far less than the property is worth, in exchange for Ramooe waiving its right of first refusal.  The City's conduct in taking advantage of Ramooe's ignorance of its abandonment of the Project may have been fraudulent[2] and based on Ramooe's unilateral mistake is unconscionable and contrary to public policy.

      Ramooe intends on moving the Court to vacate the "so ordered" settlement agreement in short order.   We thank the Court for its consideration.

      Respectfully Submitted,

      /S/ Steven A. Weg

      Steven A. Weg (SW6461)

cc:    All Counsel (by ECF)

---

[2] As to this issue discovery needs to be conducted as to the City's intent.