

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | HOLLY R. GERSTENFELD<br>Senior Counsel<br>Tax and Bankruptcy Litigation Division<br>Phone: 212-356-2140<br>Fax:   212-356-4069 |

November 10, 2016

By ECF
Hon. Vera M. Scanlon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Ramooe, Inc. v. City of New York et al.;
            13 CV 01045

Your Honor:

      I am the Senior Counsel assigned to represent defendants City of New York ("City") and the New York City Department of Housing and Preservation Development (hereinafter "City Defendants") in this action. I write this Court pursuant to sections I(b) and III(b) of Your Honor's Individual Practice Rules to present a discovery dispute in the above-captioned case. For the reasons set forth below, the City Defendants respectfully request that this Court issue a Protective Order pursuant to Federal Rules of Civil Procedure ("FRCP") 26(e)(1)(A) pending the making and determination of City defendants' dispositive motion for the enforcement of the Stipulation of Settlement and Order of Dismissal, dated December 17, 2013, and "so ordered" by the Honorable Sandra L. Townes on December 30, 2013. See Docket Number 18. In the alternative, the City Defendants request a stay of all discovery requested by Plaintiff pending a conference before Your Honor to discuss the points of disagreement between the parties regarding both the scope of discovery sought by Plaintiff, and, more fundamentally, the need for any discovery given that there is a valid and enforceable stipulation of settlement which would obviate the need for further litigation.

      Plaintiff recently served City Defendants with document requests and interrogatories that are attached hereto for ease of reference as Exhibits "A" and "B," respectively. While the complaint in the instant federal action, dated February 26, 2013, alleges seven causes of action, they can be divided into two categories: (1) constitutional claims – for example, violations of Plaintiff's rights to property, due process and equal protection; and (2)

violation of the New York State Eminent Domain Procedure Law claims – for example, denial of the right of first refusal to purchase property in the unlikely instance of an abandonment of a taking via eminent domain.  However, the instant discovery requests are largely unrelated to those causes of action.  Instead, the voluminous documents and interrogatories propounded by Plaintiff speak more directly to the claims currently being litigated in the ongoing state court litigation concerning the Broadway Triangle project.

The City attorneys in the Law Department's Administrative Law Division who are handling the state lawsuit, <u>Broadway Triangle Community Coalition v. Bloomberg et al.</u>, N.Y. County Index No. 112799/09 ("state court litigation"), have advised that the property in question here, Kings Co. Block 2269, Lot 45 ("subject property"), is one in a small group of City owned lots that is affected by the state court litigation.  The claims therein relate to: (1) the rezoning of a nine-block area of the section of Williamsburg known as the Broadway Triangle from manufacturing to residential use; and (2) the proposed transfer of three City-owned groups of lots, one of which includes Lot 45 (the lot which is involved in the instant action), to developers for the development of 100% affordable housing.

Indeed, most of the documents requested by the Plaintiff in this action concern information relating to: (1) the City's intention to develop the subject property, (2) the City's relationship to certain developers who are involved in the state court litigation, and (3) site control of the subject property.  The Plaintiff is utilizing its discovery request to obtain information that is patently irrelevant to the claims at issue in the federal complaint.  The Interrogatories also pursue similar information.

The City has never abandoned its intention to effectuate the development of the subject property as authorized by the Broadway Triangle Urban Renewal Plan ("Plan"), which was amended in 2009 to reflect the coincident rezoning of nine blocks in that area from manufacturing to residential use.  From the time this lawsuit was brought to the date of this letter, the City's position has been that Kings Co. Block 2269, Lot 45 was taken on August 13, 1999 via eminent domain in order to carry out the Plan.  The intention of the City to ultimately effectuate the development of the subject property has not changed.  Once the injunction issued in the state court litigation is resolved and the City is permitted to move forward with development according to the Plan, the property will be developed as 100% affordable housing.

Pursuant to this Court's rules, on November 9, counsel for City Defendants contacted Plaintiff's counsel to state that the discovery sought by Plaintiff is improper because it is patently irrelevant to the causes of action contained in the federal complaint.  Counsel for Plaintiff requested if City Defendants would be prepared to identify any request that would not be objectionable.  City Defendants advised counsel for Plaintiff that because the discovery sought was not only patently irrelevant, but also burdensome and vexatious as to scope, such an exercise would not result in a meeting of the minds.  City Defendants further noted that because of the unusual posture of this case – the matter was resolved through settlement – it would indeed be anomalous to permit any discovery pending an effort to establish whether this case is, in fact, concluded.  Therefore, we advised that City Defendants would renew their request before

Your Honor to move formally[1] to compel Plaintiff to comply with the terms of the Stipulation of Settlement agreed upon in December 2013. The crux of City Defendants' motion is outlined in its June 12, 2014 letter, Docket Number 19.

City Defendants are constrained to note that it has become quite apparent now that Plaintiff's stated intention to resist effectuating the "so ordered" Stipulation of Settlement and Order of Dismissal is motivated chiefly by its desire to pursue discovery and obtain information relating to the ongoing state court litigation. Plaintiff should not be allowed to waste the City and this Court's time and resources any further. Therefore, the City Defendants respectfully request that this Court issue a Protective Order pending the making and outcome of the dispositive motion to enforce the Settlement of Stipulation and Order of Dismissal. City Defendants further request a stay of all discovery pending a conference to address the discovery dispute that has arisen since the parties were last before this Court on September 10, 2016, when the schedule was set.

We thank you for your time and attention to this matter.

Respectfully submitted,

Holly R. Gerstenfeld (HG 3004)
Senior Counsel

cc: Goldberg Rimberg & Weg PLLC, 115 Broadway, 3rd Floor, New York, NY 10006

---

[1] Because the motion to compel Plaintiff's compliance with the Stipulation of Settlement and Order of Dismissal would be a dispositive motion if successful, City Defendants would consent to Your Honor retaining jurisdiction over this matter for all purposes pursuant to 28 U.S.C. § 636(c)(1).