Israel Goldberg
Steven A. Weg
GOLDBERG WEG & MARKUS PLLC
122 West 27th Street, 11th Floor
New York, New York 10001
(212) 697-3250

Domenic M. Recchia, Jr.
LAW OFFICE OF DOMENIC M. RECCHIA, JR.
172 Gravesend Neck Road
Brooklyn, New York 11223
(718) 336-5550
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMOOE, INC.,<br><br>                                  Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, a Municipal Corporation of the State of New York, and the NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, an agency and governmental subdivision of the City of New York,<br><br>                                  Defendant. | Docket No.: 13-cv-01045 NGG-VMS |

## **DECLARATION OF ISRAEL GOLDBERG, ESQ.**

Israel Goldberg declares:

1.  I am a member of Goldberg Weg & Markus, co-counsel together with the Law Office of Domenic M. Recchia, Jr. for the Plaintiff herein.

2.  A Stipulation of Settlement resolving this action was Ordered by Hon. Sandra L. Townes on December 30, 2013. [Doc. 18].

3. Defendants submitted a letter motion to enforce the settlement on June 12, 2014. [Doc. 19]. Magistrate Judge Vera Scanlon issued a scheduling order to respond to such letter on June 20, 2014.

4. By letter dated June 24, 2014, Plaintiff filed a letter in response Defendants' letter motion and indicated why the settlement should not be enforced and that a motion to vacate the settlement would be appropriate. [Doc. 23].

5. Magistrate Judge Scanlon held proceedings on June 26, 2014 and directed that the parties make additional submissions by July 7, 2014.

6. No proceedings were held until August/September 2016. By Order dated September 9, 2016, the Defendants' motion to enforce the settlement was denied without prejudice and discovery was ordered. [Doc. 29].

7. Extensive discovery supervised by Magistrate Judge Scanlon took place until the summer of 2018. Both parties submitted letters to Hon. Nicholas G. Garaufis for pre motion conferences in late August 2018, and Plaintiff was given leave to file the instant motion.

8. The following documents obtained during discovery are annexed to this declaration:

    a. Exhibit A is an affidavit of service produced by Defendants as D18-19 which shows that Defendants purported to serve documents in the "Acquisition Proceeding" (as defined in the accompanying Memorandum of Law) upon Plaintiff at "524 Bedford Avenue, Brooklyn, New York 11211-7605" and at "Bartlett Street, Brooklyn, New York 11206" (no house number is provided).

b. Exhibit B is "Certification of Advance Payment on Award for Damages" created by the Defendants and that Defendants produced as D8-9. The Certification has "524" crossed out and replaced with "527".

c. Exhibit C is a deposition transcript of former HPD Commissioner Vicki Been.

d. Exhibit D is a letter from Ridgewood Bushwick Senior Citizens Council, Inc. ("RB") to Deputy Mayor Robert Lieber dated December 23, 2008, produced by the Defendants as D255.

e. Exhibit E is a letter from New York City Department of Housing Preservation and Development ("DHCR") to Commissioner Deborah VanAmerongen of New York State Division of Housing and Community Renewal ("DHCR") dated February 4, 2009, which letter was produced by Defendants as D257-260.

f. Exhibit F is a letter from New York State Division of Housing and Community Renewal ("DHCR") to RB dated August 3, 2009 regarding low income housing credits, which letter was produced by Defendants as D273-280.

g. Exhibit G is a letter from DHCR to RB dated January 24, 2013 indicating the funding for RB's plan to build on Plaintiff's property was withdrawn, which letter was produced by Defendants as D285.

h. Annexed as Exhibit H is a deposition transcript of Jack Hammer.

i. Annexed as Exhibit I is a deposition transcript of Matthew Shafit.

j. Annexed as Exhibit J is a letter from HPD to RB and to United Jewish Organizations of Williamsburg, Inc. ("UJO") dated June 20, 2016 indicating that HPD withdrew RB and UJO's authorization for site control over Plaintiff's property, which letter was produced by Defendants as D4.

9. I have reviewed the records maintained in the Supreme Court of the State of New York, County of Kings in the "Acquisition Proceeding" and did not find any instance where the Defendants notified the Court that they had made a mistake and that the address for Ramooe, Inc. is "527" Bedford Avenue and not "524" Bedford Avenue.

10. It is requested that this Court grant Plaintiff's instant motion in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 21, 2019

_____
Israel Goldberg